### ARN et al. v. OPERATORS' ROYALTY & PRODUCING CO. et al.

### No. 816.

District Court, N. D. Oklahoma.
Aug. 19, 1933.

F. E. Riddle and O. G. Rollins, both of Tulsa, Okl., for plaintiffs.

Glenn Alcorn, of Tulsa, Okl., and W. V. Pryor, of Sapulpa, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

This cause is before the court on motions by the intervener, International Supply Company, and the defendant Century Petroleum Corporation, to dismiss the bill of complaint as to said defendant.

The bill is in the nature of a stockholders' bill based on corporate mismanagement, and, among other objects, seeks the appointment of a receiver for the properties of defendant Century Petroleum Corporation. The argument on the motions has narrowed the issue for decision to the question of whether or not comity toward another court of concurrent jurisdiction now precludes this court from taking custody of such properties and appointing a receiver therefor.

It appears that prior to the institution of this action a receiver was appointed for the corporate assets of said defendant by the state district court of Tulsa county in Febru-

ary, 1931, in a lien creditor's foreclosure suit. Under the familiar principle of comity that, where a court of competent jurisdiction has taken possession of properties in a cause pending in such court, no other court of concurrent jurisdiction will interfere with such possession, if the state court now has custody of the assets of said defendant in the foreclosure action, this court is effectually barred from undertaking a seizure of the same assets in this suit. Complainants, however, say, that by its judgment and decree of October 21, 1932, the state court in effect released such assets from its custody and jurisdiction so that any other court of competent jurisdiction is now free to take them into its custody by appropriate proceedings. If such be the case, it follows, of course, that there is no impediment by reason of comity to the action of this court upon complainants' application for a receiver.

Pertinent to a determination of the question above stated, the state court decree contained provisions in substance as follows: The receiver was ordered to deliver possession of the properties to the defendant to operate, and was directed within a time stated to file his final account and report; several liens in express amounts were decreed against the properties and the receiver directed to satisfy all of them, except that of the International Supply Company, in full out of the receivership funds held by him, and on the lien judgment in favor of the International Supply in the approximate amount of $105,000, and a partial payment of $50,000 was likewise ordered; liens were also decreed in favor of numerous cross-petitioners, called "unit holders," as holders of interests with the defendant in several oil producing leaseholds in such amounts as might thereafter be determined by an accounting to be had in said cause, and that the unit holders were to be subrogated to all the rights and benefits of the liens declared in favor of the other parties, and that such liens were to be preserved in effect after payment for the purpose of such subrogation; that, from the income to be derived by the defendant from the operation of said properties, all proceeds remaining after deducting operating expenses and administrative costs, not to exceed $1,500 per month, should be disbursed monthly to the International Supply Company and others in certain fixed proportions until the balances due them should be paid, and such disbursements to include payments to the cross-petitioning unit holders, whose interests to be fixed by the reserved accounting were likewise to be satisfied in full out of the properties; provision was also

made for the payment of certain attorney fees and master's fees; and it was further provided that the court retain jurisdiction of all the properties and parties involved, and of the receiver and special master in furtherance of said decree, and for the purpose of making further orders and rendering further judgments and decrees to protect, preserve, and secure the respective interests and equities of all appearing parties.

Pursuant to the decree the receiver delivered custody of the properties to the defendant, and it is now operating them in accordance with the provisions of the decree for the purpose of satisfying the judgments of the court.

Complainants insist that the action of the state court in allowing the defendant to have possession of the properties constituted a complete surrender of jurisdiction and custody thereof. Purporting to support this position, several authorities are cited, but apparently complainants chiefly rely on the cases of Texas & Pacific R. Co. v. Johnson, 151 U. S. 81, 14 S. Ct. 250, 257, 38 L. Ed. 81, and Boynton v. Moffat Tunnel Improvement Dist. (C. C. A.) 57 F. (2d) 772.

In the first-named case, a federal court holding property by a receiver entered an order directing the receiver to deliver possession of the properties to the defendant owner (which order of delivery was executed by the receiver), subject to certain receivership claims, and certain judgments rendered and others which might be rendered on claims presented in the pending action, all of which claims and judgments were decreed by the court to be recognized as liabilities and obligations of the receiver, and that the same might be enforced against the properties in the hands of the defendant or its assigns to the same extent as they could have been enforced if the properties had not been surrendered into the possession of the defendant and had remained in the hands of the court, and with a further provision that the court might, if necessary to the protection of such obligations and liabilities, resume possession of the properties. This presents a situation considerably different from that involved here, as may be readily seen from the following statement made by Chief Justice Fuller in the opinion: "The order was not a decree in rem condemning the particular thing seized, but an order providing for the resumption of possession thereafter, if found necessary, to the end that such decree might then be granted. * * *" In distinction, the state court decree, under consideration, expressly condemned the particular thing seized for the satisfaction of certain liens, and prescribed a particular mode of satisfaction. After all, the custody of property by a receiver is only the custody of the appointing court. The receiver is simply an instrumentality of convenience designated by the court to hold for it property it has seized. Custody by the receiver is dependent upon custody by the court, but the custody of the court does not depend upon custody by the receiver; the court may hold custody without a receiver. The decree here was plainly custodial; the defendant was required to operate the properties and disburse the income received therefrom according to terms fixed by the court. There was no surrender with a mere option to recapture as in the Texas & Pacific R. Co. Case. There was no such relinquishment of control as to free the properties from the jurisdiction of the state court.

Complainants quote extensively from the opinion of Judge McDermott in the Moffat Tunnel Imp. Dist. Case, but that authority does not aid them. After stating that no conflict of jurisdiction arises between courts in actions in personam, Judge McDermott said: "The question arises when the action in one or the other court is in rem, and when it may be that the force of the court's decree will be exerted against specific property, and not alone against a person. When that situation exists, certain rules have been evolved designed to prevent a struggle between the officers of two courts for possession of, or control over, a thing. These rules, applicable alone to actions in rem, may be divided into two classes. The first is where one court has reduced the res to its actual possession, in which event the res is withdrawn from the judicial power of other courts. With that branch of the rule we are not concerned, for there is and can be no claim that the fund is now in the possession of either court. The fund is now, and since the inception of both suits has been, in the possession of the commission. Both courts have issued personal injunctive orders directed to the members of the commission but neither has reduced the fund to possession. Whether the state district court did at one time reduce the fund to custody is not now material; that order has expired; the Supreme Court of Colorado did not see fit to issue a similar order, but instead issued an injunction against those in possession of the fund." 57 F. (2d) 772, loc. cit. 778. The learned judge then points out that the action in the federal court was an action in rem—a suit to administer a trust in a specific res, namely, a supplemental bond fund,

372

in which the plaintiffs asserted an interest and prayed for a receiver thereof. He questions whether the state court case involved in his opinion was ever an action in rem, but says this is not material to his decision, for it was, if possibly classified as an action in rem, a suit to remove a cloud from the title of real estate owned by the plaintiff—a res entirely different from the supplemental bond fund involved in the federal case. No issues were made by the pleadings in the state court case which might by any possibility require the state court to assume any control over the bond fund. So it is perceived that in that case the same res was not involved in the federal and state court cases, and no conflict of jurisdiction could arise. In the instant case this court is asked to act upon the same res acted upon by the state court. Whether the rule of actual or that of potential possession applicable to actions in rem be here applied, we find the same result. The nature of the state court action is clearly in rem, and, if it be said it is not in actual possession by reason of the qualified and conditional delivery to the defendant of the res, yet the tenor of its decree is such that it has a potential possession which may not be interfered with by another court so as to prevent the state court from reducing the res into its actual custody. But is not its possession actual in a legal sense? The court reserves control over the property, it definitely fixes the disposition of the income, and prescribes certain limits of operating expenditure. In the face of this decree it is not sound reasoning to say the defendant could sell, mortgage, or otherwise dispose of the property. It certainly could make no disposition of it without the consent of the court. The possession of the defendant is now that of the court. It is not for this court to question the wisdom or the reason of the state court for allowing the defendant to hold custody for the court. That is a problem for the state court. It suffices here to say that the same res is involved in both actions, and the state court has a possession with which this court should not interfere.

The case of Wabash R. Co. v. Adelbert College of the Western Reserve University, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379, supports the conclusion above reached. In that case the court attempted to retain jurisdiction of a res by recitals in a decree which ordered delivery of the res by the receiver to a purchaser at a sale under the court's order. The Supreme Court held that the effect of the decree was that the court parted with the possession of the property only conditionally and by decretal reservations preserved complete control over it and full jurisdiction to an extent which prevented any other court of concurrent jurisdiction from seizing the property. Complainants concede the correctness of the rule announced by this case that, after receivership sale and delivery to the purchaser, by proper reservations in its decree of confirmation a court may reserve such control over the property sold, although the purchaser hold it in possession, as to still retain a jurisdiction respected by other courts out of principles of comity. It is difficult to perceive where there can be any substantial difference between such a case and a case like the present where, for reasons appearing sufficient to it, a court does not order the property sold, but permits a qualified possession by the owner under a decree reserving and retaining jurisdiction over the property also condemned by the decree for the satisfaction of judgments contained therein in favor of parties to the action. If this court should now undertake to put the properties here involved in possession of its own receiver, most assuredly it would interfere with and impair the jurisdiction of the state court to enforce the orders and judgments contained in the decree by proceeding against the res condemned for that purpose.

Therefore the application for the appointment of a receiver for the defendant Century Petroleum Company at this time should be, and is, denied.